J-A30003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK J. BROWN | |
| Appellant | No. 2098 EDA 2013 |

Appeal from the Judgment of Sentence March 18, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009516-2008

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 09, 2015**

Frank J. Brown appeals, *nunc pro tunc*, from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County, following a waiver trial.  We affirm.

The trial court summarized the facts of this matter as follows:

On December 18, 2007, Kathleen Kirchner (victim) and Barbara Kirchner (victim, 91 years-old) were returning to Barbara's home around 10 p.m.; Kathleen double-parked to allow Barbara to easily enter her home.  As Kathleen began to escort Barbara up the front steps, [Brown] came up from behind and held a gun to Kathleen's neck and demanded cash.  With the gun embedded in her neck, Kathleen managed to turn over her wallet filled with cash to [Brown].  Kathleen also went into Barbara's purse and retrieved $500.00 in cash and handed it to [Brown].  After taking the money, [Brown] ordered both to lie down in street or they

---

[*] Retired Senior Judge assigned to the Superior Court.

would be shot. When Kathleen refused, [Brown] fled the scene and ran down the street.

Trial Court Opinion, 12/17/13, at 2.

At trial, Brown testified on his own behalf and offered an alibi defense. He stated he was working in South Carolina at a satellite television company on the date the crimes took place in Philadelphia. Although Brown established his employment through pay stubs and time sheets, the company indicated that Brown was not working at the company from December 14, 2007 through December 22, 2007. Brown also had two family members offer testimony that he was employed with the same company in South Carolina, but neither could rule out the possibility that Brown was present in Philadelphia on the day in question.

On February 1, 2010, the court found Brown guilty of two counts each of the following crimes: aggravated assault,[1] robbery,[2] firearms not to be carried without a license,[3] unlawful restraint,[4] theft by unlawful taking,[5] receiving stolen property,[6] terroristic threats,[7] simple assault,[8] recklessly

_____

[1] 18 Pa.C.S. § 2702(a).

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

[3] 18 Pa.C.S. § 6106(a)(1).

[4] 18 Pa.C.S. § 2902(a)(1).

[5] 18 Pa.C.S. § 3921(a).

[6] 18 Pa.C.S. § 3925(a).

endangering another person,[9] and false imprisonment.[10]  The court also found Brown guilty of one count each of carrying firearms in public[11] and possession of an instrument of a crime.[12]  On March 18, 2010, the court sentenced Brown to an aggregate term of 7 to 14 years' incarceration, followed by a term of 15 years' reporting probation.  The court appointed counsel to represent Brown on direct appeal; however, counsel failed to file an appellate brief.  As a result, this Court dismissed Brown's appeal.  On July 11, 2013, the trial court reinstated Brown's direct appeal rights *nunc pro tunc*.  This timely appeal followed.

On appeal, Brown presents the following issues for our review:

1. Did the trial court commit reversible error when the court elicited testimony that Brown was wanted by the police for other crimes?

2. Did the trial court commit reversible error when the court conducted an extensive cross-examination of Brown when he took the stand at trial including eliciting testimony that he did not file taxes and was fired from his job?

*(Footnote Continued)* ─────────

[7] 18 Pa.C.S. § 2706(a)(1).

[8] 18 Pa.C.S. § 2701(a).

[9] 18 Pa.C.S. § 2705.

[10] 18 Pa.C.S. § 2903(a).

[11] 18 Pa.C.S. § 1608.

[12] 18 Pa.C.S. § 907(a).

3. Did the prosecution commit a ***Brady*** violation when the prosecution failed to provide the defense a copy of the line-up photograph prior to trial?

4. Did the trial court abuse its discretion when the court denied Brown's motion for acquittal because there was insufficient evidence to convict Brown of aggravated assault against Kathleen or Barbara Kirchner?

5. Did the trial court abuse its discretion when the court denied the verdict in this case was against the weight of the evidence?

Brief of the Appellant, at 5.

In his first issue, Brown argues that the questions asked by the Honorable Peter F. Rogers to Detective Timothy Tague elicited information in violation of Pa.R.E. 404(b). [13] Brown bases his claim on the following exchange:

> THE COURT: All right. When you say a candidate is a prime suspect, how did that get developed?
>
> DETECTIVE: From earlier contact with [Brown].
>
> THE COURT: Earlier when?
>
> DEFENSE COUNSEL: I'm going to object.
>
> THE COURT: Objection is noted. Overruled.
>
> DETECTIVE: Prior arrest, Your Honor, which occurred right across the street from this instance.

N.T. Trial, 2/1/10, at 38.

_____

[13] Rule 404(b) states: Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Pa.R.E. 404(b).

The Commonwealth contends, and Brown concedes, that Brown waived this claim because he failed to object to the evidence upon its admission. However, Brown, relying on **Commonwealth v. Hammer**, 494 A.2d 1054 (Pa. 1985),[14] urges this Court to overlook the waiver doctrine and address the merits of his claim on appeal. We find Brown's reliance on **Hammer** misplaced and his claim waived.

To preserve a claim of error for appellate review, a party must make a specific objection to the alleged error before the trial court in a timely fashion and at the appropriate stage of the proceedings; failure to raise an objection results in waiver of the underlying issue on appeal. **Commonwealth v. Charleston**, 16 A.3d 505 (Pa. Super. 2011). Additionally, a defendant's failure to raise a contemporaneous objection to evidence at trial waives such a claim on appeal. **See** Pa.R.Crim.P. 302(a); **see also Commonwealth v. Bryant**, 855 A.2d 726, 741 (Pa. 2004) (failure to raise contemporaneous objection to evidence at trial waives claim on appeal). Here, Brown concedes he did not object to the complained of testimony. Additionally, our Supreme Court specifically overruled **Hammer**, indicating that, "generally, the appellate courts will not overlook defense counsel's failure to object and, with regard thereto, an appellant may

---

[14] In **Hammer**, our Supreme Court concluded that justice would not be served by strictly enforcing the waiver doctrine where the record revealed that objection by counsel would be meaningless and, in fact, intensifies judicial animosity.

present claims of ineffective assistance of counsel in a PCRA petition."

***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002). Accordingly, Brown's claim is waived and we cannot address it.

In his second issue, Brown argues that the court erred when Judge Rogers elicited testimony from Brown that he did not file taxes and was fired from his job. Our Supreme Court has described the role of a judge as follows:

> Witnesses should be interrogated by the judge only when he conceives the interest of justice so requires. It is better to permit counsel to bring out the evidence and clear up disputed points on cross-examination unaided by the court; but where an important fact is indefinite or a disputed point needs to be clarified, the court may see that it is done by taking part in the examination. . . . Judges should refrain from extended examination of witnesses; they should not, during the trial, indicate an opinion on the merits, a doubt as to the witnesses' credibility, or do anything to indicate a leaning to one side or the other, without explaining to the jury that all these matters are for them.

***Commonwealth v. Seabrook***, 379 A.2d 564, 567 (Pa. 1977) (citations and quotations omitted). A new trial is required "only when the trial court's questioning is prejudicial, that is when it is of such nature or substance or delivered in such a manner that it may be reasonably be said to have deprived the defendant of a fair and impartial trial." ***Commonwealth v. Manuel***, 844 A.2d 1, 9 (Pa. Super. 2004).

Our review of the record shows that Judge Rogers' questioning was not prejudicial. ***Manuel***, ***supra***. Rather, the purpose of his questions was to clarify Brown's employment status as it related to his alibi defense. N.T.

Trial, 2/1/10, at 140-60. To the extent Brown felt Judge Rogers' questioning was protracted, we disagree and highlight that this was a bench trial so there was no jury to mislead. *See Seabrook*, *supra*. Accordingly, Brown is not entitled to a new trial.

In his third issue, Brown argues that the Commonwealth's failure to provide a copy of the photograph of the pretrial lineup constituted a *Brady*[15] violation. In *Brady*, the Supreme Court of the United States held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. A *Brady* violation is comprised of three elements: (1) suppression by the prosecution, (2) of either exculpatory or impeachment evidence favorable to the defendant, and (3) resulting prejudice of the defendant. *Commonwealth v. Paddy*, 800 A.2d 294, 305 (Pa. 2002).

Brown's claim is meritless because the Commonwealth introduced the photograph of the pretrial lineup at trial. N.T. Trial, 2/1/10, at 4-5; *see Commonwealth v. Causey*, 833 A.2d 165, 171 (Pa. Super. 2003) (*Brady* claim meritless when evidence disclosed during trial). Thus, Brown is not entitled to relief.

_____

[15] *Brady v. Maryland*, 373 U.S. 83 (1963).

In his fourth issue, Brown challenges the sufficiency of the evidence sustaining his convictions for aggravated assault against Kathleen and Barbara. Our standard of review for sufficiency of the evidence claims is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012) (citations omitted). Additionally,

> A person may be convicted of aggravated assault graded as a first-degree felony if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. "Serious bodily injury" has been defined as [b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. For aggravated assault purposes, an "attempt" is found where an accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another. An intent ordinarily must be proven through

circumstantial evidence and inferred from acts, conduct or attendant circumstances.

*Commonwealth v. Fortune*, 68 A.3d 980, 984 (Pa. Super. 2013) (*en banc*) (citations and quotations omitted).  In *Fortune*, this Court found the evidence sufficient to sustain a conviction for aggravated assault where, in the course of a robbery, the defendant "appeared before the victim without warning, pointed a gun at the middle of her forehead, demanded her keys, and threatened to 'blow [her] head off' if she did not comply."  *Fortune*, *supra* at 987.

In the case *sub judice*, Brown approached the women as Kathleen was assisting Barbara, who is elderly and infirm, up the steps.  Brown then pressed a gun to Kathleen's neck, and demanded cash from both women saying, "If you don't give me your money, I'm going to blow your fucking head off."  N.T. Trial, 2/10/10, at 62-63.  When Barbara verbally resisted giving up her money, Kathleen told her to "be quiet.  He's got a gun," N.T. 2/10/10, at 71, indicating that Brown's explicit threat included both women. Brown kept the gun against Kathleen's neck for the duration of the encounter.  After Kathleen gave Brown their money, Brown ordered both women to lie in the street, threatening to shoot them if they did not comply.

Given the similarity in facts, we find *Fortune* dispositive, and conclude that the trial court properly determined that the evidence was sufficient to support a guilty verdict for the charges of aggravated assault against Kathleen and Barbara.  Although Brown may not have directly addressed Barbara, his threat to "blow your head off" was directed at both women.  In

- 9 -

addition, Kathleen was holding Barbara by the arm when Brown pressed the gun into her neck. Had Brown fired his gun, Barbara was well within the range of a bullet. Because Brown took a substantial step towards seriously injuring both women, no relief is due.

Lastly, we address Brown's challenge to the weight of the evidence supporting the verdict. Brown argues that the verdict is against the weight of the evidence because the Commonwealth failed to prove beyond a reasonable doubt that he was the assailant on the night in question. Our standard of review of a weight of the evidence claim is as follows:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. Our appellate courts have repeatedly emphasized that "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence."

Furthermore,

> Where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Rabold***, 920 A.2d 857, 860-61 (Pa. Super. 2007) (citations omitted). "A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence[] concedes that there is sufficient

evidence to sustain the verdict[.]" **Commonwealth v. Brown**, 48 A.3d 426, 431-32 (Pa. Super. 2012).

Here, Kathleen provided a detailed account to the police regarding the events of the night in question. Kathleen also positively identified Brown from a photo array and in court. In addition, Brown's alibi defense failed because he could not establish that he was working in South Carolina on the night in question. Further, no witness could verify that Brown was, or was not, in South Carolina on the date the robbery occurred. Based on this evidence, the trial court concluded that the Commonwealth proved beyond a reasonable doubt that Brown was the assailant on the night in question, and therefore the verdict was not against the weight of the evidence. Upon our review, we ascertain no abuse of discretion by the trial court **Rabold**, **supra**.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2015

- 11 -