J-A02011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARWIN HART-JONES | |
| Appellant | No. 1291 EDA 2013 |

Appeal from the Judgment of Sentence March 28, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013806-2011

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

MEMORANDUM BY LAZARUS, J.:          **FILED FEBRUARY 20, 2015**

Darwin Hart-Jones appeals from the judgment of sentence entered in the Court of Comr

("VUFA").[4]  Upon review, we affirm.

On June 30, 2011, Khalif Gonzalez was walking westbound on Horrocks Street with his friend Tyree Branch.  Gonzalez testified that he saw Hart-Jones standing at the corner of Horrocks and Unruh Streets, dressed in black with a hoodie covering the top of his forehead and ears.  As the pair passed Hart-Jones, Branch said to Hart-Jones, "what are you looking at

_____

[1] 18 Pa.C.S. § 2502(a).

[2] 18 Pa.C.S. § 901(a).

[3] 18 Pa.C.S. § 2702(a).

[4] 18 Pa.C.S. §§ 6106(a)(1), 6108.

pussy?" A minute or two later, Gonzalez heard three gunshots and he and Branch ran towards their respective homes. Gonzalez, who received a gunshot wound to his right arm, looked back at Hart-Jones and saw him tuck a black gun with a clip into the front of his waistband. Branch, who was shot in the back, ultimately died from his wounds.

On March 28, 2013, following a jury trial, Hart-Jones was found guilty. Immediately thereafter, the court sentenced Hart-Jones as follows: life in prison without the possibility for parole for the murder conviction; 10 to 20 years' incarceration for the attempted murder conviction, to run consecutively; 3½ to 7 years' incarceration for the VUFA 6106 (firearms not to be carried without a license) conviction, to run concurrently; and 2½ to 5 years' incarceration for the VUFA 6108 (carrying firearms on public streets or public property in Philadelphia) conviction, to run concurrently.

On April 9, 2013, Hart-Jones moved to file a post-sentence motion *nunc pro tunc*, which the court granted on April 11, 2013. On April 26, 2013, the court denied his post-sentence motion without a hearing. This timely appeal followed.

On appeal, Hart-Jones presents the following issues for our review:

1. Given the vagaries of eyewitness testimony; the fact that the lone eyewitness only saw the shooter for 2-3 seconds at night after being shot at and hit by gunfire and while running away from the perpetrator; and his clothing description conflicted with that of the defense's witnesses, one of whom was also at the scene and stated that another person was the shooter, did the lower court abuse its discretion in not granting him a new trial based upon the weight of the evidence?

2. Where the Commonwealth asked a wholly impermissible question suggesting that the Hart-Jones had admitted to committing this crime to a third person, was the court's instruction, which did not directly address this error, sufficient to cure the prejudice?

3. Where the prosecutor blatantly appealed to the passions of the jury to convict Hart-Jones, at the very end of its closing argument, did this emotional appeal create a jury verdict on an improper basis?

Brief of Appellant, at 3.

In his first issue, Hart-Jones contends that the verdict was against the weight of the evidence.

Our standard of review of a weight of the evidence claim is as follows:

The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. Our appellate courts have repeatedly emphasized that, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence." Furthermore, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Rabold***, 920 A.2d 857, 860-61 (Pa. Super. 2007) (citations omitted).

Hart-Jones concentrates his weight of the evidence argument on challenging the jury's credibility determinations. Specifically, Hart-Jones attempts to discredit Gonzalez' testimony by questioning the reliability of

- 3 -

eyewitness testimony generally. *See e.g., **Commonwealth v. Walker***, 92 A.3d 766 (Pa. 2014) (permitting expert testimony regarding eyewitness identification at discretion of court based on policy of preventing wrongful conviction due to erroneous eyewitness identification).

It is not within the province of this court to reweigh the court's credibility determinations. *See **Commonwealth v. DeJesus***, 860 A.2d 102, 107 (Pa. 2004) ("The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses."). Because Hart-Jones fails to address the standard by which this Court reviews a weight of the evidence claim and does not demonstrate an abuse of discretion by the trial court, he is not entitled to any relief on his weight of the evidence claim. ***Commonwealth v. Johnson***, 985 A.2d 915, 926 (Pa. 2009).

In his second issue, Hart-Jones claims that the prosecutor committed misconduct when she asked, "So did you hear that Fonz told detectives that the defendant admitted to doing it?" N.T Trial, 3/27/13, at 112. This claim is waived because Hart-Jones did not immediately request a mistrial.

A claim of prosecutorial misconduct is waived when a defendant objects and his objection is sustained, but he does not request any additional relief. ***Commonwealth v. Boring***, 684 A.2d 561, 568 (Pa. Super. 1996). *See also* Pa.R.Crim.P. 605(b) ("When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; the motion shall be made when the event is disclosed.")

Here, the trial court sustained defense counsel's hearsay objection and struck the question from the record. Defense counsel did not request a mistrial. The court also *sua sponte* gave a curative instruction to which defense counsel did not object. Accordingly, Hart-Jones cannot now claim on appeal that the trial court abused its discretion for denying relief that counsel did not request. *See Commonwealth v. Jones*, 668 A.2d 491 (Pa. 1995) (failure to request mistrial waives later claim that mistrial was warranted).

Even if Hart-Jones had requested a mistrial, the trial court would have been within its discretion to deny it. Whether to grant the extreme remedy of a mistrial is a matter within the discretion of the trial court. "A trial court need only grant a mistrial where the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial." *Id.* at 503. Here, the court's response, striking the question from the record and giving a curative instruction, was sufficient to remove any prejudice Hart-Jones may have suffered. *See Commowealth v. Bedford*, 50 A.3d 707, 713 (Pa. Super. 2012) (no error in denying mistrial where defendant successfully objected to hearsay testimony and judge instructed jury to disregard it; noting, "[w]e can presume the jury followed the court's instructions.") Accordingly, we deny relief on this claim.

In his third issue, Hart-Jones alleges a second instance of prosecutorial misconduct. Hart-Jones claims that the Commonwealth committed

misconduct when it made the following "emotional appeal" at the end of its closing:

> When you put all of that evidence together, it all points at this defendant. The only question is what are you going to do about it? Don't make me have to call [Gonzalez] and tell him I'm sorry. You did the right thing [. . .] but it is not enough.

N.T. Trial, 3/27/13, at 224-25. Hart-Jones believes he is entitled to a new trial based on this emotional appeal to the jury.

As we previously stated, a claim of prosecutorial misconduct is waived when a defendant objects and his objection is sustained but he does not request additional relief such as a curative instruction or a mistrial. ***Jones***, ***supra***. Here, defense counsel objected to the prosecutor's comment and the trial court sustained his objection. Defense counsel did not seek any further remedy.

Even if counsel had requested further relief, Hart-Jones would not be entitled to a new a trial. Prosecutorial misconduct will be found if the argument results in prejudice to the defendant. It does so when:

> [T]he unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict. Due to the nature of a criminal trial, both sides must be allowed reasonable latitude in presenting their cases to the jury. Prosecutorial misconduct will not be found where comments made were done for oratorical flair.

***Commonwealth v. Miller***, 897 A.2d 1281, 1291 (Pa. Super. 2006).

Here, the trial court sustained defense counsel's objection and reminded the jury that the prosecutor's closing argument is not evidence.

N.T. Trial, 3/27/13, at 166. The court also gave an instruction that the jury could not consider empathy or sympathy when reaching a verdict. N.T. Trial, 3/28/13, at 6. Based on the foregoing, we agree with the trial court's conclusion that the comment at issue did not prejudice Hart-Jones so as to warrant a new trial. Accordingly, we discern no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2015