J-S15006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEREMY HEATH BARNEY | |
| Appellant | No. 1460 MDA 2014 |

Appeal from the Judgment of Sentence August 1, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005676-2012

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MARCH 27, 2015**

Jeremy Heath Barney appeals from his judgment of sentence imposed in the Court of Common Pleas of Lancaster County, after a jury found him guilty of rape of a child,[1] involuntary deviate sexual intercourse with a child,[2] two counts of indecent assault of a person less than thirteen years of age,[3] criminal solicitation to commit indecent assault,[4] unlawful contact with a minor,[5] and corruption of minors.[6]  Counsel has petitioned this Court to

---

[1] 18 Pa.C.S. § 3121(c).

[2] 18 Pa.C.S. § 3123(b).

[3] 18 Pa.C.S. § 3126(a)(7).

[4] 18 Pa.C.S. § 902(a).

[5] 18 Pa.C.S. § 6318(a)(1).

withdraw her representation of Barney pursuant to **Anders**, **McClendon** and **Santiago**.[7]  Upon review, we affirm Barney's judgment of sentence and grant counsel's petition to withdraw.

In order to withdraw pursuant to **Anders** and **McClendon**, counsel must:  1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support an appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review.  **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa. Super. 2001).  In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held that, in order to withdraw under **Anders**, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that she has made an examination of the record and concluded the appeal is wholly frivolous.  Counsel indicates that she supplied Barney with a copy of the brief and a letter explaining his

_____
*(Footnote Continued)*

[6] 18 Pa.C.S. § 6301(a)(1).

[7] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

right to proceed *pro se*,[8] or with newly-retained counsel, and to raise any other issues he believes might have merit. Counsel has also submitted a brief, setting out in neutral form three issues of arguable merit and, pursuant to the dictates of **Santiago**, explains why she believes the issues to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

Counsel having satisfied the above requirements, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

This matter arises from Barney's sexual abuse of his paramour's son, A.M. At the time the abuse occurred, A.M. was five years old. Following a hearing on April 11, 2014, the court permitted Barney to proceed *pro se*. On April 21, 2014, the court conducted a Tender Years Hearing.[9] The court held that Nancy Kulp (daycare provider), Jorena Perry, (daycare provider), E. M. (A.M.'s mother), Mary Halye (forensic interviewer), and Kari Stanley (forensic interviewer) would be permitted to testify to statements A.M. made to them. N.T. Tender Years Hearing, 4/21/14, at 76-77.

---

[8] Barney has not submitted any additional or supplemental filings to this Court.

[9] **See** 42 Pa.C.S. § 5985.1.

A jury trial took place from April 22 to 28, 2014. At the close of trial, the jury found Barney guilty of the aforementioned offenses. On August 1, 2014, the court sentenced Barney to an aggregate term of 20 to 40 years' incarceration. This timely appeal followed.

On appeal, Barney raises challenges to the weight of the evidence sustaining his convictions, the use of Pennsylvania Suggested Standard Criminal Jury Instruction (Pa. SSJI (Crim)) 4.13B, and the fact that the jury saw him in handcuffs. *Anders* brief, at 22-28.[10]

Our standard of review of a weight of the evidence claim is as follows:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. Our appellate courts have repeatedly emphasized that "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence."

*Commonwealth v. Rabold*, 920 A.2d 857, 860-61 (Pa. Super. 2007) (citations omitted).

> "[A] true weight of the evidence challenge 'concedes that sufficient evidence exists to sustain the verdict' but contends

_____

[10] Barney also makes several allegations of prosecutorial misconduct. Specifically, that the prosecutor refused to provide copies of medical records for A.M., interviews of A.M., and recorded phone conversations between the parties. *Anders Brief*, at 28. However, the record contains no evidence that any of these items existed. Accordingly, we will not address this issue.

that the verdict was against the weight of the evidence." An appellate court may review the trial court's decision to determine whether there was an abuse of discretion, but it may not substitute its judgment for that of the lower court. Credibility issues are decided by the jury and appellate courts rarely overturn jury factual findings that are based on credibility determinations. Indeed, an appellate court should not entertain challenges to the weight of the evidence since our examination is confined to the "cold record." Our Court may not reverse a verdict unless it is so contrary to the evidence as to shock one's sense of justice. Thus, we are confined to review if the trial court abused its discretion.

*Commonwealth v. Burns*, 765 A.2d 1144, 1149-50 (Pa. Super. 2000) (citations omitted).

In support of his claim that the verdict was against the weight of the evidence, Barney argues that A.M.'s testimony was unreliable. Barney believes that A.M. lied when he told Mary Halye (forensic interviewer) that Barney would, *inter alia*, hit him in the butt with a gun, smack him with a belt until the skin opened, and penetrate his butt with the gun until it started to bleed. N.T. Trial, 4/23/14, at 257-58. Barney compares this testimony to that of Dr. Cathy Hoshauer, the pediatrician who examined A.M., who testified that she saw no injuries on A.M., and that an injury involving pain and bleeding would have resulted in a scar. *Id.* at 297-308. Notably, Barney was not convicted of any offenses related to the aforementioned allegations.

The jury was free to believe all, part or none of the evidence presented and to assess the credibility of the witnesses. *Burns*, *supra*. Here, the jury chose to believe parts of A.M.'s testimony and, ultimately, found A.M.'s

testimony more credible than Barney's. Because the jury's credibility determination was within its province as the finder of fact, and it is supported by the record, we will not disturb it on appeal. *Id.*

In his second issue, Barney argues that the trial court erred when it charged the jury with Pa. SSJI (Crim) 4.13B[11] because he believes Pa. SSJI (Crim) 4.13B shifts the burden of proof to the defendant, violating his due process rights. Initially, we note that Barney waived this claim because he did not object to the instruction before or after it was given to the jury. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Furthermore, contrary to Barney's claim, the instruction does not shift the burden of proof. Rather,

---

[11] Based on the Pa. SSJI (Crim) 4.13B, the court instructed the jury as follows:

> The testimony of [A.M.] standing alone, if believed by you, is sufficient proof upon which to find the defendant guilty in this case.
>
> The testimony of the victim in a case such as this need not be supported by other evidence to sustain a conviction.
>
> Thus, you may find [Barney] guilty if the testimony of [A.M.] convinces you beyond a reasonable doubt that [Barney] is guilty.
>
> No medical testimony is required to corroborate his testimony or to convict [Barney] if his testimony, if [A.M.'s] testimony, is found to be credible by you.

N.T. Trial, 4/28/14 at 459-60.

Instruction 4.13B provides that the testimony of a victim, without supporting evidence, is sufficient to sustain a conviction.

In his third issue, Barney alleges that the jury saw him in handcuffs and that this undermined his presumption of innocence. Under the circumstances, however, it is not clear whether a member of the jury saw Barney in handcuffs. Even so, "[a] brief viewing of the defendant in handcuffs is not so inherently prejudicial as to strip the defendant of the presumption of innocence." ***Commonwealth v. Carson***, 913 A.2d 220, 257 (Pa. 2006). Further, the appropriate remedy for this scenario is a cautionary instruction, not a new a trial. ***Id.*** However, Barney did not bring this issue to the court's attention until after the jury rendered its verdict, thus preventing the trial court from giving a cautionary instruction. Accordingly, Barney's claim is meritless.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2015