J-S61021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OLAHJUWAN DUANE BURTON | |
| Appellant | No. 1879 WDA 2015 |

Appeal from the Judgment of Sentence October 1, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003132-2015

BEFORE: PANELLA, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:               **FILED AUGUST 24, 2016**

Olahjuwan Burton appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County on October 1, 2015, following his non-jury trial conviction for robbery (bodily injury of the victim),[1] theft by unlawful taking,[2] simple assault,[3] reckless endangerment,[4] harassment.[5]

The trial court summarized the facts of this matter as follows:

_____

[1] 18 Pa.C.S.A. § 3701(a)(1)(iv).

[2] 18 Pa.C.S.A. § 3921(a).

[3] 18 Pa.C.S.A. § 2701(a)(1).

[4] 18 Pa.C.S.A. § 2705.

[5] 18 Pa.C.S.A. § 2709(a)(1),(2),(3).

Ms. Knauer testified she had just completed her shift at work and had stopped at a Giant Eagle supermarket on January 21, 2015 in Homestead, Pennsylvania at approximately 9:00 p.m. After she completed shopping, Ms. Knauer waited at a bus stop near the Giant Eagle. She got on the bus and arrived in Duquesne, Pennsylvania at approximately 10:00 p.m. She began to walk to her residence. She was wearing a backpack and carrying her purse. She was also carrying a reusable tote that held the items she purchased from Giant Eagle. She was alone. She described the lighting as average. There were streetlights operating but they were not close to the area. She had walked less than a block when she was approached by Burton who began grabbing at the strap of her purse. The purse, however, got stuck under the backpack and Burton was unable to pull it from Ms. Knauer's shoulder. During the tussle, Ms. Knauer ended up on the ground. Burton continued to forcefully attempt to take her purse. While Ms. Knauer was on the ground, Burton punched her three times in the face. One punch landed on her mouth. The other two landed near her right eye. The punches caused her tooth to break and she was bleeding. She continued to scream for help. Burton then reached to the ground, picked something up and fled the scene. Later, Ms. Knauer learned that her wallet had fallen out of her purse. She believed that Burton picked it up as he fled the scene. She then went to a nearby fire station to report the attack and to seek help.

Ms. Knauer saw Burton's face during the attack. She described Burton in detail to the police officers who investigated the attack. She described the assailant as being young, medium skinned black male and being slightly shorter than 5"8 with a medium build. At the time of the attack, he was wearing gray sweatpants, sneakers and a blue hoodie. He had a goatee. Ms. Knauer identified Burton in a photo array provided by the police about one week after the incident. Ms. Knauer also identified Burton as her assailant at trial.

Officer Thiem from the Duquesne Police Department testified that he had observed the defendant in the area of the attack approximately 30 minutes before the attack occurred. Burton was known to Officer Thiem from prior interactions. At the time, Burton was wearing gray sweatpants and a blue hoodie.

Trial Court Opinion, 4/19/2016, at 1-3 (citations omitted).

Following trial, the court sentenced Burton to a term of incarceration of no less than four years to no more than eight years, followed by a two-year term of probation. On November 2, 2015, Burton filed post-sentence motions, which were denied. On appeal, Burton raises one issue:

1. Did the trial court abuse its discretion by finding that a guilty verdict was not against the weight of the evidence when the unreliable testimony of the only eyewitness was so untrustworthy that basing a verdict on this evidence was manifestly unreasonable?

Burton argues that the trial court abused its discretion in finding Burton guilty based on the victim's/eyewitness' identification of Burton as a perpetrator because the identification "was highly unreliable since her opportunity to witness the perpetrator was not good." Appellant's Brief, at 11-12. He further argues that her "tenuous identification" was the only piece of evidence tying Burton to the crime in question. *Id.*

This court, when reviewing a challenge to the weight of the evidence, must examine the record in order to determine if the trial court abused its discretion. *Commonwealth v. Rivera*, 983 A.2d 1211, 1225 (Pa. 2009). The focus of the review is the trial court's exercise of discretion, and not whether the trial court's verdict is in fact against the weight of the evidence. *Commonwealth v. Rossetti*, 863 A.2d 1185, 1191 (Pa. Super. 2004). Where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight

claim.   ***Commonwealth v. Rabold***, 920 A.2d 857, 860-61 (Pa. Super. 2007) (citations omitted).

Discretion is an exercise of judgment, wisdom and skill, an ability to reach a neutral decision within the boundaries dictated by the law. ***Commonwealth v. Widmer***, 744 A.2d 745 (Pa. 2000).  Review of the trial court's decision is extremely limited where the party challenges the weight of the evidence based on the credibility of trial testimony.  ***Rossetti***, ***supra*** at 1191.  This Court shall reject a weight of the evidence claim, "unless the evidence is so unreliable and/or contradictory as to make any verdict based thereupon pure conjunction." ***Id***.

When reviewing the decision of the trial court, this Court cannot substitute its judgment for that of the fact-finder.   ***Commonwealth v. Small***, 741 A.2d 666, 672 (Pa. 1999).  A fact-finder is free to believe all, part, or none of the evidence. ***Commonwealth v. Jaroweski***, 923 A.2d 425, 433 (Pa. Super. 2007).  Awarding a new trial is warranted if "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013).  However, the reviewing court should not award a new trial "because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." ***Widmer***, ***supra*** at 751.

The reliability of a challenged identification is to be judged under a test employing the totality of circumstances and the factors that are relevant to

- 4 -

that determination. These factors include: the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. ***Commonwealth v. Ransome***, 402 A.2d 1379, 1381 (Pa. 1979).

The trial court did not abuse its discretion in finding that the eyewitness's testimony linked Burton to the charged crimes. It is clear from the record that the victim's ability to observe the physical features of the assailant's physique was good. The fact that it was dark at the corner where the assailant attacked the victim did not prevent the victim from noting major characteristics of his appearance. The victim gave a detailed identification despite the fact that the assailant possessed an average-looking appearance. Although the event occurred in a short amount of time, the victim's description of the assailant's clothing matched what he wore thirty minutes before he attacked the victim. The victim did not hesitate when she chose Burton's picture out of eight pictures from a photo array where all the individuals in the array were similar-looking. Prior to the trial and during the trial the witness's identification was consistent, convincing and clear. We discern no abuse of discretion by the trial court in rejecting Burton's weight of the evidence claim. ***Rabold***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/24/2016