J-S11040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL VERNON MONTGOMERY, | : | |
| | : | |
| Appellant | : | No. 2713 EDA 2016 |

Appeal from the Judgment of Sentence July 5, 2016
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s):  CP-23-CR-0005440-2015

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 20, 2018**

Michael Vernon Montgomery ("Montgomery") appeals from the judgment of sentence imposed following his conviction of driving under the influence – controlled substances ("DUI") and the traffic offense of no rear lights.[1]  We affirm.

In its Opinion, the trial court concisely summarized the relevant factual background as follows:

On July 25, 2015, at approximately 12:08 a.m., Officer David Ford [("Officer Ford")] was on patrol in the area of 10th and Church Streets in Marcus Hook Borough[, Delaware County,] when he was traveling behind a maroon Chevy Impala that did not have its vehicle registration light illuminated, which is a violation of the

---

[1] **See** 75 Pa.C.S.A. §§ 3802(d)(2), 4303(b).  In order to obtain a DUI conviction pursuant to 75 Pa.C.S.A. § 3802(d)(2), the Commonwealth must prove that the accused was driving, "under the influence of a drug or combination of drugs[,] to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle."  **Id.**

Motor Vehicle Code. Officer Ford initiated a traffic stop, approached the vehicle on the driver's side, and observed that [Montgomery] was the driver and sole occupant of the vehicle. Upon Officer Ford's approach, he immediately detected an odor of marijuana emitting from the vehicle and noticed [that Montgomery's] eyes appeared to be glassy and bloodshot.

Officer Ford requested that [Montgomery] submit to field sobriety tests. Prior to the testing, [Montgomery], unprovoked, advised Officer Ford that [the Officer] could smell marijuana inside [of Montgomery's] vehicle because [Montgomery had] smoked inside it earlier in the night. Officer Ford requested that [Montgomery] perform three field sobriety tests. Based on observations of [Montgomery,] and observations of him on the three field sobriety tests, Officer Ford [] opined that [Montgomery] was under the influence. As a result, [Montgomery] was placed under arrest, and Officer Ford asked [Montgomery] to submit to a chemical test of his blood three times, and each time[, Montgomery] replied no. Additionally, [another officer who had responded to the scene,] Officer [James] Dalrymple [("Officer Dalrymple"),] testified that he observed [Montgomery's] inability to perform the field sobriety tests[,] and smelled the odor of marijuana on [Montgomery].

Trial Court Opinion, 6/28/17, at 2 (citations to record and footnote omitted).

The Commonwealth later charged Montgomery with DUI, careless driving, and no rear lights. The matter proceeded to a non-jury trial, at which Montgomery, Officer Ford, and Officer Dalrymple testified. At the close of trial, the court found Montgomery guilty of DUI and no rear lights, and not guilty of careless driving.

On July 5, 2016, the trial court sentenced Montgomery to serve six months of intermediate punishment on the DUI conviction, and imposed an aggregate fine of $1,025. Montgomery thereafter filed a timely post-sentence Motion challenging, *inter alia,* the weight of the evidence supporting his

convictions. After the trial court denied the post-sentence Motion, Montgomery filed a timely Notice of appeal. The trial court then ordered Montgomery to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Montgomery timely complied.

Montgomery now presents the following issue for our review: "Whether the [trial] court abused its discretion in denying a [] post-sentence Motion for a new trial where the verdict was clearly against the weight of the evidence in its entirety[?]" Brief for Appellant at 7 (capitalization omitted).[2]

Our standard of review of a weight of the evidence claim is as follows:

> The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

---

[2] In his Rule 1925(b) Concise Statement, Montgomery also challenged the legality of his sentence imposed on his DUI conviction, pursuant to the decision of the United States Supreme Court in *Birchfield v. North Dakota*, 136 S. Ct. 2160 (2016) (holding that a driver suspected of DUI cannot be criminally sanctioned for refusing a blood test unless a search warrant is obtained, and that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." *Id.* at 2185-86)). However, Montgomery abandoned this issue on appeal. Moreover, the trial court, in its Opinion, correctly noted, concerning Montgomery's *Birchfield* challenge, that "[e]ven though [Montgomery] refused to submit to a blood test in this case, he was sentenced [on his DUI conviction] based on a finding of guilt under [75 Pa.C.S.A. §] 3802(d)(2)[,] and **not** as a refusal to submit to a blood test[.]" (emphasis in original)).

On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (quotation marks and citations omitted); *see also Commonwealth v. Rabold*, 920 A.2d 857, 860 (Pa. Super. 2007) (stating that "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.") (citation omitted).

Montgomery argues that the trial court abused its discretion in denying his post-sentence Motion for a new trial, where the guilty verdicts were against the weight of the evidence and shock the conscience. *See* Brief for Appellant at 11-16. Pointing to the trial court's finding that Officer Ford's trial testimony was credible, Montgomery contends that "Officer Ford may have been credible in his belief that [Montgomery] had smoked marijuana[,] but this fact was entirely irrelevant if it could not otherwise be proven that [Montgomery's] driving ability was impaired[,]" *i.e.*, in order to obtain a conviction for DUI under subsection 3802(d)(2), *supra*. *Id.* at 14; *see also id.* at 14-15 (maintaining that "Officer Ford had ample opportunity to watch [Montgomery] operate his car and conceded that [] Montgomery was in full control of the vehicle."). Montgomery additionally argues that the field sobriety tests were

- 4 -

"flawed" because Officer Ford was not formally trained to administer the tests at issue. *Id.* at 15.

Montgomery essentially asks us to reassess the credibility of the witnesses and reweigh the testimony and evidence presented at trial. We cannot, and will not, do so. It was for the trial court, as the fact-finder, to determine the credibility of the witnesses and the weight to be accorded the conflicting testimony of Montgomery and Officers Ford and Dalrymple. *See Gonzalez*, *supra*. The trial court stated that it found Montgomery's account of the events to be incredible, and credited the testimony of the Officers. *See* Trial Court Opinion, 6/28/17, at 4 (stating that "[b]ased on Officer Ford's credible testimony as to his opinions and observations, including the odor of marijuana, [Montgomery's] bloodshot and glassy eyes, and the inability to perform field sobriety tests, as well as Officer Dalrymple's credible corroborating testimony, there is nothing in the record to support that the fact-finder's verdict is so contrary to the evidence that it shocks one's sense of justice."); *see also* N.T., 3/24/16, at 88-89 (announcing the trial court's verdict and stating that the court credited the testimony of Officer Ford and Officer Dalrymple). Moreover, Montgomery's claim that there was no valid evidence presented to show that he was incapable of safe driving, due to his consumption of marijuana, is not supported by the trial transcript.

Thus, upon our review of the record and Montgomery's arguments, we conclude that the trial court did not abuse its discretion in rejecting his weight

of the evidence contention. *See Commonwealth v. Karns*, 50 A.3d 158, 165 (Pa. Super. 2012) (holding that the trial court did not abuse its discretion by rejecting defendant's weight challenge to his DUI conviction, where the fact-finder found to be credible the arresting police officer's testimony as to defendant's traffic violation, there was an odor of alcohol emanating from his vehicle, defendant had bloodshot eyes, and he failed field sobriety tests); *Commonwealth v. Santiago*, 980 A.2d 659, 664 (Pa. Super. 2009) (concluding that trial court did not abuse its discretion in denying weight challenge where appellant asked this Court to reweigh the evidence). Accordingly, as Montgomery's sole contention on appeal fails, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/18