J-S33022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| COLLEEN NANCY-GLENN KOWALSKI | : | |
| Appellant | : | No. 1434 MDA 2016 |

Appeal from the Judgment of Sentence August 1, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000835-2015

BEFORE: BENDER, P.J.E., OTT, J. and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.: **FILED JUNE 26, 2017**

Colleen Nancy-Glenn Kowalski appeals from the judgment of sentence, imposed on August 1, 2016, in the Court of Common Pleas of Bradford County. Kowalski was sentenced to serve a flat sentence of 71 days' incarceration, followed by 18 months' County Intermediate Punishment, with credit of 71 days for time served, after a jury convicted her of resisting arrest and disorderly conduct (graded as a misdemeanor of the third degree), and the trial court found her guilty of the summary offense of harassment.[1] Concomitant with this appeal, counsel has filed an **_Anders_**[2]

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 5104, 5503(a)(1), and 2709(a)(1), respectively

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

brief, and a petition for leave to withdraw from representation. In the *Anders* brief, counsel has identified two issues, namely, a weight of the evidence claim and a sufficiency of the evidence claim. *See Anders* Brief at 5. Based upon the reasoning set forth below, we affirm.

The trial court has set forth the following summary of the evidence:

The evidence at trial was that the Pennsylvania State Police received a call to conduct a safety check on [Kowalski]. Upon arriving at [Kowalski's] home, she was sitting in her back yard area by a creek under a tree with a blanket wrapped around her with a shotgun by her mouth. The Trooper [Corporal Joseph Mitchell] believed she was dead but announced himself and then he saw movement. He then ran to her and took the gun away from her. [Kowalski] became argumentative and the Trooper placed handcuffs on her for safety and the Trooper's safety. The Troopers planned to transport [Kowalski] to a hospital for a mental health check. [Kowalski] continued to be loud and make noise and yelling at Trooper [Mitchell and Trooper Albert Levanavage] that she did not want to go to [the] hospital, that they were on her land, that she could do what she wanted on her land. [Kowalski] refused to walk to [the] patrol vehicle so Troopers had to carry her. While in the patrol vehicle, [Kowalski] slipped her handcuffs from behind her back and was undoing the seatbelt. While attempting to reposition [Kowalski's] handcuffs, [Kowalski] was yelling and screaming and pulled away. She had to be taken out of [the] vehicle and she was not cooperative. As she began struggling, kicking [and] flailing her legs, Troopers had to place her on the ground. She bit a Trooper's finger. The Trooper used pepper spray with a technique wherein he sprays it on his glove and wipes the face of [the] individual. She spit all over the inside of the vehicle and spit at Troopers. A spit hood was placed on [Kowalski]. All this occurred on the berm of the highway where the patrol vehicle was parked and at least one vehicle drove by. [Kowalski] testified at trial that she did not struggle or yell or make noise; that she did scream when the Trooper slammed her on the ground for no reason; and that when he applied pepper spray, his finger was in her mouth and she could not breathe so she had to bite him.

[The] Trooper had advised [Kowalski] that she was under arrest at the time he pulled her from [the] vehicle to readjust her cuffs. She continued the struggle as set forth above. [Kowalski] was then taken to the State Police Barracks and charged with Resisting Arrest, Disorderly Conduct and Harassment.

Trial Court Opinion, date, at 2–3. Kowalski was convicted and sentenced as stated above, and this appeal followed.[3]

When counsel files a petition to withdraw and an accompanying ***Anders*** brief, we must examine the request to withdraw before addressing any possible underlying issues. ***See Commonwealth v. Bennett***, 124 A.3d 327, 330 (Pa. Super. 2015). Pursuant to ***Anders***, the procedural requirements counsel must satisfy in requesting to withdraw from representation are, as follows:

Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). In addition, counsel's ***Anders*** brief must meet the substantive dictates of ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. Super. 2009):

---

[3] Kowalski's counsel timely complied with the order of the trial court to file a Pa.R.A.P 1925(b) statement by filing a Rule 1925(c)(4) statement of intent to file an ***Anders*** brief.

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette, supra** at 1032 (citation omitted).

When counsel initially filed the **Anders** brief and petition to withdraw as counsel, he failed to furnish this Court with a copy of counsel's letter to Kowalski advising her of her rights regarding the pursuit of this appeal. **See Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005) (requiring counsel petitioning to withdraw pursuant to **Anders** to attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights). Therefore, this Court denied the petition to withdraw and directed counsel to either re-file a petition to withdraw and **Anders** brief in full compliance with the requirements for withdrawal or to file an advocate's brief within 30 days. **See** Order Denying Application to Withdraw as Counsel, 5/9/2017.

Counsel has now re-filed a petition to withdraw from representation and an **Anders** brief, together with the requisite letter to Kowalski advising that she has the right to retain private counsel or raise additional arguments

that she deems worthy of this Court's attention.[4] Our review confirms that counsel has satisfied the requirements for withdrawal outlined in **Anders** and its progeny. **See Cartrette, supra**. Therefore, we turn our attention to counsel's **Anders** brief.

The first issue identified by counsel is a claim that the verdict rendered by the jury was against the weight of the evidence.

It is well-settled that

> "an allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." **Commonwealth v. Sullivan**, 2003 PA Super 123, 820 A.2d 795, 805-06 (Pa. Super. 2003). "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745, 753 (Pa. 2000). "[A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Sullivan**, 820 A.2d at 806 (citation omitted).

**Commonwealth v. Wright**, 846 A.2d 730, 736-37 (Pa. Super. 2004).

Here, Kowalski's weight claim has been waived because she failed to raise this issue in a timely post-sentence motion. **See** Pa.R.Crim.P. 607(A) ("A claim that the verdict was against the weight of the evidence **shall** be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion.") (emphasis added).

---

[4] Kowalski has not filed a response to counsel's letter with this Court.

*See also Commonwealth v. Burkett*, 830 A.2d 1034, 1037 (Pa. Super. 2003) (providing that a weight of the evidence claim "must be presented to the trial court while it exercises jurisdiction over a matter since [a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.") (citations and quotation marks omitted). Therefore, this claim is frivolous. *See Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008) (holding that when an issue has been waived, "pursuing th[e] matter on direct appeal is frivolous").

The second issue identified in the *Anders* brief is a sufficiency claim that "the lack of a video recording of the incident renders the evidence insufficient to sustain the elements of each charge beyond a reasonable doubt." *Anders* Brief at 10. However, "[t]here is no requirement that videotape or physical evidence be presented at trial." *Commonwealth v. Giron*, 155 A.3d 635, 638 (Pa. Super. 2017) (police officers' testimony sufficient to prove the elements of DUI-general impairment). Here, the testimony of Corporal Mitchell, an eyewitness, was sufficient, by itself, to establish the elements of the crimes charged.

Corporal Mitchell testified on cross-examination that he did not believe there was a video recording of the incident because it was not a traffic stop, and he was not aware of anything that would indicate Trooper Levanavage had activated the patrol vehicle's video camera. *See* N.T., 5/27/2016 at 64.

On the other hand, Kowalski testified on cross-examination that when the troopers placed her back into the patrol vehicle the second time, "[Trooper] Levanavage said we better make sure this camera's rolling before we leave." *Id.* at 111. The *Anders* brief posits "[b]ecause of the contradiction regarding the video, the jury's verdict was based on conjecture and unreliable evidence and should have been overturned." However, "[a] mere conflict in the testimony of the witnesses does not render the evidence insufficient because it is within the province of the factfinder to determine the weight to be given to the testimony and to believe all, part, or none of the evidence." *Commonwealth v. Rabold*, 920 A.2d 857, 858 (Pa. Super. 2007). Accordingly, this sufficiency claim is frivolous.

In conclusion, the issues identified by counsel are waived and/or frivolous, and our independent review of the record reveals no non-frivolous claims that might arguably support this direct appeal. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition for leave to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2017

- 7 -