J-S06009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRELL JOHNSON | : | |
| | : | |
| Appellant | : | No. 1950 EDA 2017 |

Appeal from the PCRA Order November 9, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007677-2008

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                         **FILED JUNE 26, 2018**

Appellant Terrell Johnson appeals *nunc pro tunc* from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

On October 15, 2010, a jury found Appellant guilty of possession with intent to deliver ("PWID").  The conviction stemmed from Appellant's attempted sale of crack cocaine in Philadelphia, as observed by police officers William Hunter and Rafael Cordero.  On February 16, 2011, the trial court sentenced Appellant to six to twelve years incarceration, followed by eight years probation.  Appellant's trial counsel, Richard Moore, Esquire, filed a direct appeal on his behalf.  We affirmed Appellant's judgment of sentence, and our Supreme Court denied allowance of appeal.  ***See Commonwealth***

*v. Johnson*, 40 A.3d 206 (Pa.Super. 2011) (unpublished memorandum), *appeal denied*, 47 A.3d 845 (Pa. 2012).

Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed Michael L. Doyle, Esquire, as Appellant's PCRA counsel, who filed an amended petition alleging that (1) Attorney Moore was ineffective for filing a deficient appellate brief and failing to properly preserve discretionary sentencing and weight of the evidence claims; and (2) Officer Cordero's subsequent federal indictment and conviction of corruption constitutes newly-discovered exculpatory evidence. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, and on November 9, 2015, entered an order dismissing the petition. Appellant filed a timely notice of appeal, and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the PCRA court issued its Pa.R.A.P. 1925(a) opinion. However, on February 16, 2016, we dismissed the appeal based on Attorney Doyle's failure to file a docketing statement.

Appellant filed a second *pro se* PCRA petition on August 29, 2016. The PCRA court appointed James R. Lloyd, III, Esquire, as Appellant's PCRA counsel, who filed an amended petition seeking reinstatement of Appellant's right to appeal *nunc pro tunc* from the November 9, 2015 dismissal of his

first PCRA petition. The PCRA court entered an order granting the petition.[1]

Appellant filed a timely notice of appeal,[2] and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court entered a Pa.R.A.P. 1925(a) opinion incorporating its January 29, 2016 opinion. Thus, the matter is ready for our review.

On appeal, Appellant raises the following issues for our review:

1. Did the PCRA [c]ourt err when it dismissed [Appellant's] PCRA petition without a hearing where [Attorney Moore] was ineffective for failing to preserve a challenge to the discretionary aspects of sentence imposed?

2. Did the PCRA [c]ourt err when it dismissed [Appellant's] PCRA petition without a hearing where [Attorney Moore] was ineffective for failing to properly preserve a challenge to the verdict as being against the weight of the evidence?

---

[1] Although there is no explicit finding in the record, the PCRA court apparently determined that Appellant invoked the newly-discovered fact exception to the PCRA's time bar, and filed his second PCRA petition within sixty days of his discovery that his appeal of the denial of his first PCRA petition was dismissed due to Attorney Doyle's failure to file a docketing statement. *See* 42 Pa.C.S. 9545(b)(ii) and (2) (providing that any PCRA petition must be filed within one year of the date the judgment becomes final unless the petition alleges and the petitioner proves that the petition was filed within sixty days of the date the facts upon which the claim is predicated were ascertained by the petitioner exercising due dilligence.).

[2] Appellant inadvertently stated in his notice of appeal that he is appealing from the trial court's February 16, 2011 judgment of sentence rather than from the November 9, 2015 order dismissing his first PCRA petition. We issued a rule to show cause why the appeal should not be quashed as untimely, and Appellant filed a response. Upon review, the record is clear that Appellant was granted leave to appeal from, and is indeed appealing, the November 9, 2015 dismissal order.

3. Did the PCRA [c]ourt err when it dismissed [Appellant's] PCRA petition without a hearing where [after-]discovered evidence was presented that one of the arresting officers, who testified at trial, was indicted and subsequently found guilty of federal crimes[,] including interfering with a drug investigation?

Appellant's brief at 4 (numbering added, issues reordered for ease of disposition).

Our standard of review is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any ground if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citations omitted).

Additionally, when a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). Further,

To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must . . . demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed

for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Additionally, counsel cannot be deemed ineffective for failing to raise a meritless claim. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

In his first issue, Appellant contends that Attorney Moore was ineffective for failing to preserve a claim that the trial court imposed an excessive sentence when it (1) sentenced him in the aggravated range of the sentencing guidelines without considering his bi-polar and personality disorders, addiction to controlled substances, and that he was the victim of nine stabbings while incarcerated; and (2) imposed sentence based on Appellant's prior PWID convictions and the nature of his crime, which were already accounted for in his prior record score and the offense gravity score. We conclude that Appellant's ineffectiveness claim lacks merit.

Appellant's underlying claim of error constitutes a challenge to the discretionary aspects of his sentence. Prior to reaching the merits of a discretionary sentencing issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted).

Here, Appellant's underlying discretionary sentencing claim presents a substantial question. *See Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa.Super. 2012) (holding that a substantial question is raised where an appellant alleges that the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances); *see also Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa.Super. 2003) (holding that a claim that the sentence is excessive because the trial court relied on impermissible factors raises a substantial question).

Attorney Moore failed to preserve Appellant's sentencing claim at sentencing or in a post-sentence motion. Attorney Moore also failed to include a Rule 2119(f) statement in his appellate brief. Thus, he failed to preserve Appellant's discretionary sentencing claim for direct review. *See Commonwealth v. Johnson*, 40 A.3d 206 (unpublished memorandum at

8). To obtain PCRA relief, however, Appellant must also demonstrate that Attorney Moore's failure to preserve Appellant's discretionary sentencing claim constitutes ineffective assistance under the three-prong test set forth above. We conclude that Appellant's ineffectiveness claim fails because his discretionary sentencing claim lacks arguable merit.

Initially, we observe that sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *See Commonwealth v. Johnson*, 967 A.2d 1001 (Pa.Super. 2009). Further,

> an abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa.Super. 2017) (internal quotation marks and citations omitted).

The Sentencing Code sets forth the considerations a court must take into account when formulating a sentence, stating that "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.

§ 9721(b); *see also Moury*, *supra* at 171 (Pa.Super. 2010) (holding that, when imposing a sentence, the court is required to consider the particular circumstances of the offense and the character of the defendant, making reference to defendant's prior criminal records, his age, personal characteristics and his potential for rehabilitation).

When evaluating a challenge to the discretionary aspects of sentence, it is important to remember that the sentencing guidelines are "purely advisory in nature." *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007); *see also Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007) (stating that "rather than cabin the exercise of a sentencing court's discretion, the [sentencing] guidelines merely inform the sentencing decision.").

Based on our review, the record demonstrates that the trial court, consistent with its sentencing obligation, took into account the nature of the offense, the sentencing guidelines, the impact of the offense on the community, Appellant's background, criminal history and rehabilitative needs. *See* N.T. Sentencing, 2/16/11, at 6-8. The court also considered potential mitigating factors offered by Appellant or on his behalf. *See id*. at 4. The trial court also had the benefit of a presentence investigation report. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (holding that where a sentencing court is informed by a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors

and considerations, and that where the court has been so informed, its discretion should not be disturbed.").

The trial court explained the factual bases and specific reasons which compelled it to deviate upwards from the standard guideline range:

> In the case at bar, [Appellant's] sentence was well within the statutory limit and was a reasonable exercise of this [c]ourt's discretion in light of all relevant factors. Under Pennsylvania law, the maximum sentence for a second or subsequent conviction for possession with intent to deliver, an ungraded felony, is 20 years, $25,000 fine, or both. This [c]ourt sentenced [Appellant] to a total term of 6-12 years state incarceration, followed by eight years of probation. This sentence was well within the statutory limits and was a reasonable exercise of the [c]ourt's discretion in light of [Appellant's] serious criminal history, which includes multiple convictions for possession with intent to deliver.

> Furthermore, this [c]ourt properly considered the relevant factors set forth in 42 Pa.C.S. § 9721: the protection of the public, the gravity of [Appellant's] offense in relation to the victim and community, and his rehabilitative needs. [Appellant's] conduct demonstrates he was not taking measures to become a productive member of society. He was arrested on 3 separate occasions in 2004 for possession with intent to deliver. All those cases were consolidated and he pled guilty . . . [and] was sentenced to 1-2 years county incarceration. He was then arrested again in 2007 for possession with intent to deliver. In 2009, [this court] found him not guilty on the possession with intent to deliver charge, but found him guilty of knowing and intentional possession of a controlled substance. He was sentenced to 11½ to 23 months county incarceration, followed by one year probation. The arrest in this case occurred in 2008, therefore, [Appellant's] conduct clearly indicates he has not made any effort to become a productive member of society. Indeed, [Appellant's] behavior demonstrated he was likely to continue to sell drugs, if released. After considering the protection of the public, the impact [Appellant's] felonies had on the community, and [Appellant's] refusal to take the necessary measures to become a productive member of society, this [c]ourt deemed it reasonable and proper to sentence [Appellant]

to 6 to 12 year state incarceration, followed by 8 years probation.

Trial Court Opinion, 6/29/11, at 13.

In rejecting Appellant's ineffectiveness claim, the court also noted that, "in the instant case, [Appellant] had been selling drugs less than 180 feet away from an elementary school and his behavior in the courtroom showed his defiance and indifference to the serious nature of his offense." PCRA Court Opinion, 1/29/16, at 15; **see also** N.T. Sentencing, 2/16/16, at 5.

Appellant offers no support from the record for his claim that the trial court did not consider relevant mitigating factors. Importantly, the sentencing court, was only obligated to **consider** mitigating circumstances, not to accept or appreciate them. **See Commonwealth v. Fullin**, 892 A.2d 843, 850 (Pa.Super. 2006). Moreover, trial courts are permitted to use prior conviction history and other factors already included in the guidelines if they are used to supplement other extraneous sentencing information. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa.Super. 2006).

Therefore, upon this record, we cannot conclude that the sentence imposed was the "result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Bullock**, **supra**. As counsel cannot be deemed ineffective for failing to raise a meritless claim, Appellant's first ineffectiveness claim entitles him to no relief. **See Fears**, **supra**.

- 10 -

In his second claim, Appellant contends that Attorney Moore was ineffective for failing to preserve a challenge the weight of the evidence supporting his conviction. Although counsel raised the issue on direct appeal, this Court determined the issue was waived for failure to (1) raise it before the trial court; and (2) develop relevant argument on the issue in his appellate brief. *See Johnson*, 40 A.3d 206 (unpublished memorandum at 8). We conclude that Appellant's second ineffectiveness claim fails because his weight of the evidence claim lacks arguable merit.

Our standard of review of a challenge to the weight of the evidence is as follows.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and citations omitted).

Further,

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will

- 11 -

reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice.

***Commonwealth v. Rabold***, 920 A.2d 857, 860-61 (Pa.Super. 2007) (citations omitted).

Appellant claims that his conviction was against the weight of the evidence because he had only twenty-eight dollars, consisting of one twenty-dollar bill, and eight one-dollar bills, in his pocket when he was arrested by police on suspicion of selling drugs. Appellant posits that if he was, in fact, selling drugs, he would have had more cash on his person, as well as smaller bills. Appellant further claims that police found no drugs on his person, nor any forensic evidence linking him to the drugs found in the abandoned lot.

The trial court addressed Appellant's challenge to the weight of the evidence and concluded that it lacked merit for the following reasons:

> In the case at bar, the jury properly assessed the evidence presented and based its guilty verdicts upon that evidence. The jury, as fact finder, was free to believe all, part or none of the evidence presented, and . . . its conclusion should not be disturbed unless it "shocks one's sense of justice." That is not the case here. During the trial, the jury was able to observe the demeanor of each witness and found each witness'[s] testimony to be credible . . . . [Officer] Hunter testified that he and [Officer] Cordero were on location investigating a homicide. He further testified that while on location, he saw [Appellant] approach a U-Haul. He saw an exchange of $20 United States currency for unknown small objects. He further testified that [Appellant] was observed going into a brown bag, which he tossed behind him, for the unknown objects. [Officer] Hunter testified that he then spoke to [Appellant], while [Officer] Cordero recovered the brown bag. [Officer] Cordero testified that he recovered the only brown bag that was in the area, and inside the bag were 65 packets of alleged crack cocaine. This

substance was tested and it was determined to be cocaine base. [Officer Walter] Bartle testified as an expert in narcotic sales. He testified that in his expert opinion the observed transaction was a drug sale. Further, he testified to the quantity of the drugs found being consistent with possession with intent to deliver. This evidence overwhelmingly demonstrated that [Appellant] was guilty of possession with intent to deliver. Based on this evidence, the jury's finding of guilt cannot be said to "shock one's sense of justice."

Trial Court Opinion, 6/29/11, at 10-11.

Upon our review, we discern no abuse of discretion by the trial court in determining that Appellant's conviction was not against the weight of the evidence. As counsel cannot be deemed ineffective for failing to preserve and present a meritless claim, Appellant's second ineffectiveness claim entitles him to no relief. *See Fears*, *supra*.

In his final claim, Appellant contends that the PCRA court erred in dismissing his claim that Officer Cordero's 2013 conviction of interfering in a federal drug investigation constitutes after-discovered evidence that would have affected the outcome of his 2010 trial. *See* 42 Pa.C.S. § 9543(a)(2)(vi).

Pursuant to the PCRA, a petitioner may be eligible for relief based upon after-discovered evidence only if he pleads and proves that his conviction or sentence was the result of "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." *Id*. Therefore, to prevail on an after-discovered evidence claim for relief under §

- 13 -

9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *See Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017). "The test is conjunctive; the defendant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa.Super. 2010).

The PCRA court addressed Appellant's after-discovered evidence claim and determined that it lacked merit because (1) the sole purpose of admitting any evidence of Officer Cordero's subsequent legal troubles would be to impeach his credibility as a witness; and (2) his testimony was cumulative of the testimony already provided by Officer Hunter. As explained by the PCRA court:

> In the case at bar, [Appellant] claims that the subsequent indictment and conviction of [Officer] Cordero on federal corruption charges constituted exculpatory after-discovered evidence. However, [Appellant's] claim is without merit as [Officer] Cordero's subsequent conviction involved an entirely unrelated matter and would be used only to impeach his credibility. Specifically, the charges against [Officer] Cordero derived from an incident in which he tipped off his brother-in-law, a major distributor of heroin in the Kensington neighborhood of Philadelphia, about a federal drug investigation against him. In no way did the charges involve the planting of drugs or any other impropriety on [Officer] Cordero's part during any arrest or investigation that he took part in, including in [Appellant's] case. Thus, the evidence was of an entirely

- 14 -

unrelated matter and only could be used to impeach the credibility of [Officer] Cordero. Notably, [Appellant] himself admits that the evidence would be used to render [Officer] Cordero's testimony as unreliable. Moreover, the evidence would not likely result in a different verdict if a new trial were granted. [Officer] Cordero's testimony at trial was largely cumulative of the testimony already presented by [Officer] Hunter. Therefore, even if [Officer] Cordero had never testified or the jury deemed his testimony to lack credibility, then it would not likely result in a different verdict on retrial as the jury would still have found him guilty on the basis of [Officer] Hunter's testimony.

PCRA Court Opinion, 1/29/16, at 7-8.

Based on our review, the PCRA court's determination is supported by the record and free of legal error. Accordingly, Appellant's final claim entitles him to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/18