J-S07045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WADE GILES JR. | : | |
| | : | |
| Appellant | : | No. 666 WDA 2020 |

Appeal from the PCRA Order Entered February 19, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004601-2015

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED:  May 28, 2021**

Appellant, Michael Wade Giles, Jr., appeals *nunc pro tunc* from the order entered in the Allegheny County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

This Court has previously set forth the relevant facts of this case as follows:

> The charges in this case stemmed from incidents occurring in the spring and summer of 2013, when the female victim, Q.H., was ten years old.  At trial, Q.H. testified that on the first occasion, [Appellant] touched her vagina while they were in her mother's bedroom.  On the second occasion, again in her mother's bedroom, [Appellant] made Q.H. touch his penis.  On the third occasion, Q.H. testified that [Appellant] told her to go to the living room and take off her clothes; he then had sexual intercourse with her and performed oral sex on her.  Q.H. disclosed these three incidents at the forensic interview and at the preliminary

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

> hearing, but left out the oral sex that occurred during the third incident, to which she testified at trial.

*Commonwealth v. Giles*, 182 A.3d 460, 461 (Pa.Super. 2018), *appeal denied*, 648 Pa. 412, 193 A.3d 888 (2018).

Procedurally, on July 1, 2016, a jury convicted Appellant of rape of a child, aggravated indecent assault, unlawful contact with a minor, indecent assault with a person less than 13 years of age, corruption of minors, endangering the welfare of a child, and indecent exposure. The court imposed an aggregate sentence of 215-430 months' imprisonment on September 23, 2016. On September 29, 2016, Appellant timely filed post-sentence motions, which the court denied on October 5, 2016. This Court affirmed Appellant's judgment of sentence on March 20, 2018. On April 19, 2018, Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on September 11, 2018. *See id.*

Appellant timely filed a PCRA petition on December 9, 2018. On January 21, 2020, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. The court denied PCRA relief on February 19, 2020. On April 29, 2020, Appellant sought to appeal *nunc pro tunc*. The court reinstated Appellant's appellate rights on June 6, 2020.

On June 30, 2020, Appellant timely filed a notice of appeal *nunc pro tunc*. The court subsequently ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied on July 29, 2020.

Appellant raises the following issue for our review:

> Whether the PCRA court erred by denying relief because direct appeal counsel was prejudicially ineffective for not raising, arguing, and litigating meritorious sufficiency and weight of the evidence claims based on all counts on direct appeal. U.S. Const. admts. 6, 8, 14; Pa. Const. art. 1, § 8, 9.

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. **Commonwealth v. Wah**, 42 A.3d 335 (Pa.Super. 2012).

Appellant argues that appellate counsel's failure to raise challenges to the sufficiency and weight of the evidence on direct appeal constitutes ineffective assistance of counsel. Appellant claims it was impossible for the

Commonwealth to prove his guilt based on: (1) Q.H.'s numerous inconsistencies; (2) Q.H's motive to fabricate; (3) the lack of physical and/or corroborating evidence; (4) the fact that no other witnesses observed anything improper between Q.H. and Appellant; (5) Q.H's delay in reporting these crimes; and (6) Appellant's contradictory testimony. Appellant contends that the jury based its verdict on pure conjecture. Appellant avers that counsel had no reasonable basis for failing to raise sufficiency and weight challenges on direct appeal, and counsel's failure to do so prejudiced Appellant. Appellant concludes counsel was ineffective and this Court must reverse the order denying PCRA relief and remand for further proceedings. We disagree.

Pennsylvania law presumes counsel has rendered effective assistance. ***Commonwealth v. Williams***, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. ***Williams, supra***.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis

for the assertion of ineffectiveness is of arguable merit...." ***Commonwealth v. Pierce***, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

***Pierce, supra*** at 524, 645 A.2d at 194-95 (internal citations omitted).

"Where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." ***Commonwealth v. Sneed***, 616 Pa. 1, 19, 45 A.3d 1096, 1107 (2012).

> A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. A claim of ineffectiveness generally cannot succeed through comparing, in hindsight, the trial strategy employed with alternatives not pursued.

***Id.*** at 19-20, 45 A.3d at 1107 (internal citations and quotation marks omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

- 5 -

outcome. In [**Kimball, supra**], we held that a criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Commonwealth v. Chambers**, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (internal citations and quotation marks omitted).

An argument that the finder of fact should have credited one witness' testimony over that of another witness generally challenges the weight of the evidence, not the sufficiency of the evidence. **Commonwealth v. W.H.M.**, 932 A.2d 155, 160 (Pa.Super. 2007) (explaining claim that jury should have believed appellant's version of events rather than that of victim goes to weight, not sufficiency of evidence); **Commonwealth v. Wilson**, 825 A.2d 710, 713-14 (Pa.Super. 2003) (explaining sufficiency of evidence review does not include assessment of credibility, which is more properly characterized as challenge to weight of evidence); **Commonwealth v. Gaskins**, 692 A.2d 224, 227 (Pa.Super. 1997) (stating credibility determinations are made by finder of fact and challenges to those determinations go to weight, not sufficiency of evidence).

Our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. **Commonwealth v. Small**, 559 Pa. 423, 434, 741 A.2d 666, 672 (1999). **See also Commonwealth v. Widmer**, 560 Pa. 308, 318-320, 744 A.2d 745, 751-752

(2000) (explaining differences between challenge to weight of evidence versus sufficiency of evidence; distinction is critical; evidence is sufficient to support verdict when it establishes each material element of crime charged and commission of crime by accused beyond reasonable doubt; remedy for successful challenge to sufficiency of evidence is judgment of acquittal; challenge to weight of evidence concedes there is sufficient evidence to sustain verdict; remedy for successful challenge to weight of evidence is new trial).

Instantly, Appellant's underlying claim that Q.H.'s testimony was unbelievable because it was inconsistent, uncorroborated, fabricated, and she delayed in reporting, is not a proper challenge to the sufficiency of the evidence; rather, this claim implicates the weight of the evidence. ***See Wilson, supra*; *Gaskins, supra***. With respect to challenges to the weight of the evidence:

> The finder of fact is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses. As an appellate court, we cannot substitute our judgment for that of the finder of fact. Therefore, we will reverse a jury's verdict and grant a new trial only where the verdict is so contrary to the evidence as to shock one's sense of justice. Our appellate courts have repeatedly emphasized that one of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence.

***Commonwealth v. Rabold***, 920 A.2d 857, 860 (Pa.Super. 2007), *aff'd*, 597 Pa. 344, 951 A.2d 329 (2008) (internal citations and quotation marks omitted).

> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted).

Here, the PCRA court explained:

> The jury reasonably found credible the testimony of the victim, Q.H. She testified to several forms of sexual abuse which occurred in her house on three separate occasions. She described an escalating pattern of conduct, starting with manual manipulation under the covers of her mother's bed and eventually vaginal sex in the living room of her house. Q.H.'s statements were corroborated by her mother, who testified that Appellant was alone in the house with the children, and by her grandmother, who stated that Q.H. made similar statements to the police following her forensic interview. Against this evidence, Appellant testified that Q.H. was lying to take focus away from her recent sexting of a boy at school. Upon further review of the evidence, this [c]ourt's sense of justice was not shocked by the jury's verdict in this case as it was not against the weight of the evidence but rather supported by it. Again, counsel may not be deemed ineffective for failing to raise a meritless claim.

(PCRA Court Opinion, filed August 20, 2020, at 9). The record supports the PCRA court's rationale, and we see no reason to disturb it. *See Conway, supra*. Further, Appellant raised his weight claim before the trial court in a post-sentence motion, which the court denied. *See Commonwealth v. Rivera*, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560

U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010) (stating: "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings"). As Appellant's underlying challenge to the weight of the evidence lacks merit, his claim of appellate counsel's ineffectiveness fails. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/2021