J-A01022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TENISHA NICOLE DAVIS | : | |
| | : | |
| Appellant | : | No. 1401 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 26, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000802-2021

BEFORE:  LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 10, 2023**

Appellant Tenisha Nicole Davis appeals from the judgment of sentence imposed following her conviction for theft.  Appellant challenges the sufficiency and the weight of the evidence.  Following our review, we affirm.

We adopt the trial court's summary of the facts in this case.  **See** Trial Ct. Op., 7/15/22, at 1.  Briefly, Appellant was charged with theft of services—acquisition of services[1,2] based on allegations that she failed to pay a bill for car repairs that were completed by Able Auto Specialist.  Criminal Information,

_____

[1] 18 Pa.C.S. § 3926(a)(4).

[2] We note that Appellant's theft charge was originally graded as a first-degree misdemeanor.  On February 15, 2022, the Commonwealth moved to amend the criminal information to change the grading of Appellant's theft of services charge to a summary offense.  **See** Commonwealth's Mot. to Amend, 2/15/22. That same day, the trial court granted the Commonwealth's motion.  **See** Order, 2/15/22.

5/13/21, at 1.  The matter proceeded to a non-jury trial on April 26, 2022.  At trial, both Appellant and Able Auto Specialist shop owner John Kogan testified that Appellant had been charged $376.30 for repairs that were made to her vehicle.  N.T. Trial, 4/26/22, at 13-14, 28-29.  Although Appellant claimed that she paid for the repairs in cash, Mr. Kogan testified that Appellant took her car from the lot and left without providing any form of payment.  *Id.* at 15-17, 26-27.  Mr. Kogan also stated that after Appellant left the shop, he called Appellant to give her a "fair chance to come back and pay" for the repairs, but Appellant did not return.  *Id.* at 18-19.  Ultimately, the trial court found Appellant guilty of theft.  *Id.* at 39-40.  That same day, the trial court sentenced Appellant to pay a $25 fine, $376.30 in restitution to Able Auto Specialist, and court costs.  *Id.* at 40.  Appellant did not file any post-sentence motions.

Appellant filed a timely notice of appeal.[3]  Both Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our review:

_____

[3] We note that although Appellant's notice of appeal indicated that the trial court imposed the judgment of sentence on April 26, 2022, the trial court docket originally stated that the judgment of sentence was entered on May 6, 2022.  After this Court ordered the trial court to clarify the discrepancy, the trial corrected the docket to reflect that it had imposed Appellant's judgment of sentence on April 26, 2022.  *See* Order, 1401 EDA 2022, 7/18/22; Trial Ct. Order, 7/25/22; *see also Commonwealth v. Green*, 862 A.2d 613 (Pa. Super. 2004) (holding that the date of imposition of sentence in open court and not the date of docketing of the sentence is used to determine the date of judgment of sentence).

- 2 -

1. Did the trial court abuse its discretion by finding Appellant guilty of theft of services, where there was insufficient evidence to convict when there was evidence that there was a receipt showing a zero balance and Appellant testified that she paid the bill?

2. Did the trial court abuse its discretion by finding Appellant guilty of theft of services, where the conviction was against the weight of the evidence when there was evidence that there was a receipt showing a zero balance and Appellant testified that she paid the bill?

Appellant's Brief at 4.

## Sufficiency of Evidence

In her first issue, Appellant claims that there was insufficient evidence to sustain her conviction for theft of services. Specifically, Appellant argues that the Commonwealth failed to prove that she absconded without payment. *Id.* at 11. In support, Appellant refers to her own testimony that she paid for the repairs in cash and that, in exchange, Mr. Kogan provided her with the car keys and a receipt reflecting that she owed zero dollars. *Id.* at 9-10. Appellant contends that it is unreasonable to believe that Mr. Kogan would have provided a receipt or the car keys before payment was received. *Id.* at 11. Therefore, Appellant concludes that it was "implausible that the [trial] court was able to determine beyond a reasonable doubt that Appellant was guilty" of theft. *Id.*

The standard of review for a sufficiency challenge is well settled:

Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most

favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted and formatting altered).

Theft of services is defined, in relevant part, as:

**(a) Acquisition of services.**—

(1) A person is guilty of theft if [s]he intentionally obtains services for h[er]self or for another which [s]he knows are available only for compensation, by deception or threat, . . . or by false token or other trick or artifice to avoid payment for the service.

\* \* \*

(4) Where compensation for service is ordinarily paid immediately upon the rendering of such service, as in the case of hotels and restaurants, refusal to pay or absconding without payment or offer to pay gives rise to a presumption that the service was obtained by deception as to intention to pay.

18 Pa.C.S. § 3926(a)(1), (4).

Instantly, the trial court addressed Appellant's claim as follows:

Appellant testified that she had her car towed to Able Auto Specialist because another shop was "a little too pricey" for her. [N.T. Trial at 24]. She also testified that on January 7, 2022, Mr. Kogan called her and told her the price. *Id.* at 24-25. She said, "That's when I actually found out how much it was." *Id.* at 25.

She claims to have negotiated the price with Mr. Kogan and agrees she was charged $376.30. *Id.* at 25, 29. . . .

Finally, we consider whether the evidence is sufficient to prove that Appellant obtained the services by deception. There is a presumption that she obtained the services by deception if "compensation for service is ordinarily paid immediately upon the rendering of such service" and if she "abscond[ed] without payment or offer to pay[.]" *See* 18 Pa.C.S. § 3926(a)(4). Mr. Kogan credibly testified that "when the job is completed the people[,] before they pick up cars, they always pay. This never happened before." [N.T. Trial] at 14. He further explained, "When the car is ready and people are ready to pick up their cars, they always pay and they walk out with a zero balance." *Id.* at 15. In other words, compensation for service is ordinarily paid immediately upon the rendering of such service. This is not disputed.

What is disputed in this case is whether Appellant absconded without payment. Mr. Kogan testified that she did. *Id.* at 16. He said that she gave him no money for the work he did on the car. *Id.* He said he received no check, money order, payment with a card, or anything else of value from her. *Id.* He further explained that she took her car from the lot without his permission. *Id.* at 17. He then called her to give her a "fair chance to come back and pay for it." *Id.* at 19. Only then did he call the police. *Id.*

Appellant, on the other hand, testified that she did in fact pay. *Id.* at 25. In her [Rule 1925(b) statement], she points out that her receipt showed a balance of zero dollars. Mr. Kogan explained that the receipts he issues to individuals always show a balance of zero dollars. *Id.* at 15-16. The only time his receipts show an outstanding balance is when they are issued to an entity with a charge account, such as a township or casino. *Id.* He testified that she did not pay him before he gave her the receipt. *Id.* at 17-18.

A "mere conflict in the testimony of the witness" does not render evidence insufficient. *Commonwealth v. Rabold*, 920 A.2d 857, 859 (Pa. Super. 2007). It is up to the fact[-]finder to determine whether all, part, or none of the testimony should be believed. *Id.* This court, as fact[-]finder at the non-jury trial, finds Mr. Kogan's testimony to be credible and finds Appellant's testimony to be not credible. Mr. Kogan's testimony, if believed, is sufficient

> to prove that Appellant absconded without payment, thereby proving the fourth and final element.
>
>          *     *     *
>
> Because the evidence is sufficient to prove each material element of the offense beyond a reasonable doubt, we find that Appellant's challenge to the sufficiency of the evidence is without merit.

Trial Ct. Op., 7/15/22, at 4-6 (formatting altered).

Following our review of the record, and in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we conclude that there was sufficient evidence to sustain Appellant's conviction for theft. *See Palmer*, 192 A.3d at 89. As noted by the trial court, the issue at trial was whether Appellant paid for the repairs that were made to her vehicle. *See* Trial Ct. Op. at 5-6. Although Appellant claimed that she paid in cash, the trial court credited Mr. Kogan's testimony that Appellant left the shop without paying for the repairs and failed to return to the shop after Mr. Kogan called Appellant and gave her a "fair chance to come back and pay." *Id.* Further, to the extent Appellant relies on the receipt to support her claim that she paid for the repairs, we will not re-weigh the evidence and substitute our judgment for that of the fact-finder. *See Palmer*, 192 A.3d at 89; *Rabold*, 920 A.2d at 859. Therefore, we conclude that there was sufficient evidence to establish that Appellant obtained services through deception by absconding without payment. *See* 18 Pa.C.S. § 3926(a)(4). Accordingly, Appellant is not entitled to relief on this issue.

**Weight of the Evidence**

In her final issue, Appellant argues that the verdict was against the weight of the evidence. Appellant's Brief at 12-16.

It is well settled that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003); ***see also*** Pa.R.A.P. 302(a). Moreover, a party cannot rectify the failure to preserve an issue by raising it for the first time in a Rule 1925(b) statement. ***Watson***, 835 A.2d at 791.

Further, Pennsylvania Rule of Criminal Procedure 607(A) provides that a challenge to the weight of the evidence must be raised in a motion for a new trial that is presented orally, on the record, before sentencing, by written motion before sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607(A); ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa. Super. 2004).

Instantly, the record reflects that Appellant did not raise this claim at sentencing, nor did she file any post-sentence motions. Therefore, Appellant's weight of the evidence claim is waived. ***See Gillard***, 850 A.2d at 1277; Pa.R.Crim.P. 607(A). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/10/2023

- 7 -